UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

_____

| In Re: | |
|---|---|
| Andy N. Salgado-Nava, | Bankruptcy Case No. 09-41646 |
| Debtor, | |

_____

MEMORANDUM OF DECISION
_____

This is yet another case where a chapter 7 trustee has requested, but failed to show he is entitled to receive, the maximum compensation for his services allowed by the Code in a routine, "tax refund" case.

The Court has reviewed Trustee's Final Report, Dkt. No. 29, Trustee's Application for Compensation and Reimbursement of Expenses, Dkt. No. 30, Trustee's Supplement to Trustee Fee Application, Dkt. No. 35, and Trustee's Time Summary for Asset Case, Dkt. No. 37, all filed by chapter 7 trustee R. Sam Hopkins ("Trustee). In addition, on June 21, 2011, the Court conducted a hearing

MEMORANDUM OF DECISION - 1

concerning Trustee's fee application, at which Trustee appeared in person and presented argument to the Court.[1]  On the basis of these submissions, and after due consideration of the complete record in this case, and Trustee's arguments, the Court finds that reasonable compensation for Trustee's services as chapter 7 trustee in this case is $750.00.[2]

The provisions of the Bankruptcy Code applicable to the Court's review of Trustee's fee application include 11 U.S.C. §§ 326(a), 330(a)(1), (2) and (7).  The Court has discussed its approach to resolving chapter 7 trustee fee matters on many occasions, most recently in *In re B&B Autotransfusion Services, Inc.*, 443 B.R. 543 (Bankr. D. Idaho 2011).  In this case, there is nothing new for the Court to

---

[1] The U.S. Trustee has not participated in this matter.  Under 28 U.S.C. § 586(a)(3), the U.S. Trustee has been tasked by Congress with responsibility for supervising chapter 7 trustees, reviewing their fee applications, and filing "comments" or objections with the Court concerning those applications.  However, as is its universal practice in this District in this context, the U.S. Trustee has posted a text entry on the Court's docket indicating merely that it has "reviewed" Trustee's fee application.  Dkt. No. 32.  The text entry does not indicate whether the U.S. Trustee either approves, or objects to, nor does it otherwise "comment" about, the amount of Trustee's fee request in this case.   Consistent with its long-standing practice, it seems the U.S. Trustee has apparently elected to play no significant role in resolving trustee fee issues in chapter 7 cases, even when issues are raised by the Court.  This is a regrettable policy.

[2] This Memorandum constitutes the Court's findings of fact and conclusions of law.  Fed. R. Bankr. P. 7052 and 9014.

MEMORANDUM OF DECISION - 2

explain about the law.  In essence, while § 326(a) caps a chapter 7 trustee's fees, the Court's ultimate responsibility under § 330(a) is always to approve compensation for a chapter 7 trustee that is reasonable in amount.

In this case, Trustee seeks payment of $1,315.14 for compensation, the maximum amount allowed under § 326(a).  While the Court generally presumes that the § 326(a) amount constitutes a reasonable fee for trustee services in most cases, the Court must review each case on its facts, and, in the event of questions, Trustee must prove the requested compensation is reasonable in amount.  In this case, Trustee has not shown that the maximum fee is justified by actual and necessary services he rendered.  As a result, a reduced fee is reasonable.

The only assets requiring administration by Trustee in this case were Debtor's tax refunds.  Trustee has not shown that any significant efforts on his part were required to secure the refunds from Debtor; apparently, Debtor surrendered them to Trustee promptly.  Beyond accepting and holding the tax refunds, Trustee was required to perform only routine, simple administrative

MEMORANDUM OF DECISION - 3

tasks in this case.[3] While all of those services are compensable (*i.e.*, actual and necessary), they required no special skills or expertise, and required no significant amounts of time to complete. Indeed, most of those services were not performed personally by Trustee at all, but, instead, were provided by Trustee's support staff of "paralegals" and others. While, under § 330(a)(1)(A), Trustee may receive compensation for both his services and those of a "paraprofessional" employed by him, he may not receive separate compensation for additional services performed by his nonprofessional, administrative, or clerical staff. Moreover, the reasonable value of services performed by a trustee, as compared to the value of services performed by a less-skilled paraprofessional, will likely vary. When the Court focuses upon only those services of Trustee and his paralegals, and assigns appropriate reasonable value to those services, the requested fee is not a reasonable one.

At the hearing, Trustee argued it is fair that he receive the § 326(a)

---

[3] According to Trustee's Final Report, Dkt. No. 29, he received a total of $10,767.01 in tax refunds; he returned about half of that amount to Debtor as exempt, and after payment of his fees and costs, Trustee proposes to distribute about $4,300 pro rata on a dozen unsecured claims.

MEMORANDUM OF DECISION - 4

maximum fee in all of his cases, since he is grossly under-compensated under the Code for the many no-asset cases he is also required to administer. Of course, this argument is flawed in many ways. First, as it has expressed in past decisions, the Court must allow compensation to a trustee under § 330(a)(1) solely for "actual, necessary services rendered by the trustee" in a particular bankruptcy case. The statute does not allow the Court to tax funds otherwise available to creditors in this case as recompense for a trustee who has been systematically underpaid in other cases. Moreover, as the Court has repeatedly explained to Trustee, his suggestion that § 326(a)(7) requires use of the § 326(a) maximum in every asset case as a "commission" fails to acknowledge that all trustee compensation amounts must be reasonable. Where the § 326(a) maximum fee is unreasonable on the facts, it can not be approved. Finally, Trustee has not shown that, on balance, that he does not receive adequate compensation for the aggregate of trustee services he performs in his cases. To the contrary, Trustee has consistently received several hundred thousands of dollars per year in total compensation for his services. While Trustee undoubtedly earns his pay, and does good work, for Trustee to claim he (as

MEMORANDUM OF DECISION - 5

opposed to other, differently-situated trustees) is, overall, "underpaid," and as a result, deserving of the § 326(a) maximum in every asset case, without regard to the fee's reasonableness in each case, is disingenuous.[4]

The Court has considered all of the services provided by Trustee in this case, and has not focused solely on the time spent by Trustee in doing so. However, as the Court has explained at great length to Trustee in other decisions, the time spent working on a case is one relevant factor in determining a reasonable fee. In this case, Trustee's time summary reflects he performed about three hours of services, and that his paralegals performed about four hours of services. Even assuming the time sheet accurately reflects the services rendered,[5]

---

[4] The Court admires Trustee's commitment to competent service in the cases in which he serves. He is, in most all respects, a model trustee. The Court is pleased to have been able to have approved his many compensation requests, and that Trustee has historically earned significant fees for his services. But given the financial benefits of his position that Trustee has enjoyed over the years, it is disconcerting that Trustee would now seek to argue he has not been treated fairly when the Court's suggests he should exercise discretion in requesting maximum compensation in small, tax refund cases.

[5] The Court appreciates Trustee's attempt to submit an analysis of the time spent by he and his staff working on this case. However, there is considerable reason for the Court to doubt the reliability of Trustee's time summary in this case. As Trustee acknowledged at the hearing, no contemporaneous time records were kept, and Trustee's Time Summary, Dkt. No. 37, is a product of after-the-fact reflection and

(continued...)

MEMORANDUM OF DECISION - 6

and the time spent in doing so, compensation in the maximum amount allowed under § 326(a) is not appropriate.

All things considered, in the exercise of this Court's discretion, the Court approves a fee for Trustee in the amount of $750.00. Reimbursement of all requested expenses will be approved. Trustee is directed to promptly submit a form of order approving the Final Account incorporating these amounts.

In addition, the Court admonishes Trustee that it is his obligation to exercise reasonable judgment in requesting compensation in his cases. Repeatedly requesting excessive compensation and requiring the presiding bankruptcy judge to police such activities is not acceptable. The analysis and outcome in this decision mirrors many others rendered by both bankruptcy judges in this District, including in cases involving Trustee. In filing a fee request, a trustee must in good faith believe there is both an appropriate factual

---

[5](...continued)
reconstruction. Moreover, the summary is disjointed, contains no dates identifying when the services were provided, and is obviously not a chronological accounting. Finally, as Trustee conceded at hearing, the time summary is also inaccurate, since its entries include time spent by Trustee in reviewing and signing objections to creditor claims, when no such objections were ever filed in this case.

MEMORANDUM OF DECISION - 7

and legal basis for the amount sought.  *See* Fed. R. Bankr. P. 9011(b).  Trustee's presentation of incomplete or inaccurate factual information to support his request, or his reliance upon the the same legal arguments that have been repeatedly rejected by the Court, is inappropriate.

Dated:  June 23, 2011

 

_____
Honorable Jim D. Pappas
United States Bankruptcy Judge

MEMORANDUM OF DECISION - 8